UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JODI LYNN FOSTER WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| THE NORTHERN TRUST COMPANY, | ) | |
| TRUSTEE; PHYLLIS L. FOSTER, | ) | 06 C 4901 |
| LAWRENCE T. FOSTER, ROBERT C. | ) | |
| FOSTER, HENRY T. MATHER, JR., | ) | |
| Individually and as Members of the | ) | |
| Advisory Committee of the JAMES R. | ) | |
| FOSTER TRUST FOB JODI LYNN | ) | |
| FOSTER dated December 26, 1978, | ) | |
| and JAMES R. FOSTER, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

      This matter comes before the court on several motions filed by the parties in the wake of a ruling issued by this court on January 22, 2008, which granted summary judgment in favor of Defendants James and Robert Foster, granted in part and denied in part summary judgment in favor of Defendants Northern Trust and the members of the Advisory Committee, and denied summary judgment in favor of Plaintiff Jodi Lynn Foster Walker. Familiarity with our previous decision is assumed.

**A. Motions Filed by the Northern Trust and the Advisory Committee Members**

Our previous opinion concluded that Foster Walker's claims of fraud, conversion, and breach of fiduciary duty are subject to the five-year statute of limitations set out in 735 ILCS § 5/13-205. In response, Northern Trust moved for correction or clarification of a specific portion of our memorandum opinion that refers to the application of that statute of limitations with respect to claims brought against it. The Advisory Committee members move for reconsideration of that decision as applied to the claims against them. Both parties rest their assertions on arguments that the limitations period for Walker's claims is instead supplied by 760 ILCS § 5/11(a). The statute provides that

> [e]very trustee at least annually shall furnish to the beneficiaries then entitled to receive or receiving the income from the trust estate, or if none, then those beneficiaries eligible to have the benefit of the income from the trust estate a current account showing the receipts, disbursements and inventory of the trust estate. A current account shall be binding on the beneficiaries receiving the account and on such beneficiaries' heirs and assigns unless an action against the trustee is instituted by the beneficiary or such beneficiary's heirs and assigns within 3 years from the date the current account is furnished.

According to Northern Trust and the Advisory Committee members, this statute creates a three-year time frame for any cause of action filed by a beneficiary against a trustee. Although § 5/11(a) unquestionably sets out a three-year limitation on causes of action founded upon the accuracy or validity of information provided in account statements, the plain language cited above demonstrates that the cause of action asserted must be

tied to the account statement and a contention that its contents do not bind the beneficiary. Otherwise the language of the statute does not apply. Thus, as before, we do not agree with the position advanced by these parties that the three-year limitations period applies any time a beneficiary sues a trustee for any reason.

In addition to the plain meaning of the language of subsection (a), our conclusion that § 5/11(a) does not apply to any and every lawsuit brought by a beneficiary against a trustee is supported by § 5/11(f), which provides that causes of action for fraudulent concealment (i.e., of the accurate contents of the accounts stated) are not subject to the shortened limitations period. Though fraudulent concealment is not a cause of action Walker has pursued, the inclusion of this subsection in the statute demonstrates that subsection (f) was not intended to be the panacea that Northern Trust and the Advisory Committee argue it is.

Moreover, the legislative history of the section, to which Northern Trust directs our attention, further supports this conclusion. In his comments on the floor about the bill of which he was the sponsor, Representative Leitch specifically stated that § 5/11(a) "shortens the statute of limitations from 5 to 3 years, **as far as information provided is concerned**..." Ex. D to Northern Trust Mtn. to Correct or Clarify, at 90-91 (emphasis added). This statement confirms that the application of § 5/11(a) depends upon a challenge to the information provided by the trustee to the beneficiary.

Walker brings claims in which liability does not depend upon the invalidation or proven inaccuracy of the account statements she received, so those claims do not fall within the ambit of § 5/11(a). Accordingly, the normal statute of limitations period would apply, as stated in our January 22 opinion. Northern Trust's motion to clarify or correct and the Advisory Committee's motion to reconsider are therefore denied.

## B. Motions Filed by Walker

*1. Motion for Interlocutory Appeal and Stay of Proceedings*

Walker first requests that we certify an interlocutory appeal of our decision that the continuing violation doctrine did not apply to her claims and certain interpretations of the Trust Instrument at issue. An interlocutory appeal can be certified for consideration by a district judge when the nonfinal order "involves a controlling question of law as to which there is substantial ground for difference of opinion and...an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Though permissible under proper circumstances, piecemeal appeals are strongly disfavored in the federal system. *Freeman v. Kohl & Vick Mach. Works, Inc.*, 673 F.2d 196, 201 (7th Cir. 1982). An interlocutory appeal under 28 U.S.C. § 1292(b) represents a very limited exception to the general rule that appellate review awaits a final decision of the district court. *See Albert v. Trans Union Corp.*, 346 F.3d 734, 737 (7th Cir. 2003). Exceptions to the

general final-judgment rule are strictly construed. *Matterhorn, Inc. v. NCR Corp.*, 727 F.2d 629, 633 (7th Cir. 1984).

None of the issues Walker raises in her motion have a dispositive effect on the litigation. Instead, they involve particular theories of recovery or particular pieces of the many forms of relief that she has sought as well as the scope of potential damages, but none are expansive enough to constitute a controlling question of law that the appellate court could consider without delving into the specifics of the parties' 30-year relationship. Moreover, with regard to the presence of a substantial ground for difference of opinion over questions of law, Walker has presented nothing beyond her own disagreement with our rulings. If all that were needed to permit an interlocutory appeal was the difference of opinion displayed between a party whose position does not prevail and the court that is not persuaded, interlocutory appeals would be the norm rather than an exceptional procedure. Consequently, we are not of the opinion that the portions of our January 22 ruling to which Walker refers are appropriate for certification under 28 U.S.C. § 1292(b), and Walker's motion for an interlocutory appeal of them is denied.

B. *Motions for Entry of Final Judgment Against Robert and James Foster*

Fed. R. Civ. P. 54(b) permits a court to enter final judgment as to fewer than all parties to a given suit if it determines that there is no just reason to delay the judgment.

Walker contends that, in light of our grant of summary judgment in favor of Robert and James Foster as to all claims against them, an entry of final judgment is appropriate as to those two parties despite the continued vitality of the claims against the other defendants.

With regard to Robert, the issues for which Walker seeks appellate review are not separable from the propriety of the conduct of the members of the Advisory Committee. With regard to James, our ruling rested primarily upon the rejection of Walker's assertion that the continuing violation doctrine should be applied to her causes of action. This issue is common to all of the defendants, including those who have not been dismissed from the action. The claims against James and Robert are not distinct from those against Northern Trust and the members of the Advisory Committee such that they could constitute a "stand-alone lawsuit" and appellate review could be feasible before the totality of Walker's claims are resolved. *See Factory Mutual Ins. Co. v. Bobst Group USA, Inc.*, 392 F.3d 922, 924 (7th Cir. 2004). The legal and factual issues shared by Walker's adjudicated and unadjudicated claims create a just reason to delay entry of final judgment against James and Robert. Walker's Rule 54(b) motion is therefore denied.

C. *Motion for Appointment of Ad Litem Advisory Committee*

This motion centers upon two requests Walker has made to the Advisory Committee for her legal costs for this suit to be paid out of the assets of the trust. Both

requests were denied. As we noted in our previous opinion, the complaint seeks complete removal of the current Advisory Committee members. Though Walker casts the instant motion as a request for only a temporary appointment to consider a limited request, to provide the relief she seeks in this motion would require this Court to assess the propriety of the Advisory Committee's actions on many of the same issues that must be developed at trial of Walker's current claims. It would require that we determine that the Advisory Committee's actions harmed the trust or were in flagrant disregard of their fiduciary responsibilities. *See Rennacker v. Rennacker*, 509 N.E.2d 798, 800 (Ill. App. Ct. 1987). With full and final resolution of those issues close at hand, the relief Walker requests puts the cart too much before the horse. Consequently, the request for appointment of an ad litem advisory committee is denied.

## CONCLUSION

Based on the foregoing analysis, the parties' motions [127][129][132][135][137] are denied.

                                               */s/ Charles P. Kocoras*
                                          Charles P. Kocoras
                                          United States District Judge

Dated:   April 17, 2008